# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JoAquin Hill, | Case No.: 2:24-cv-00923-JAD-DJA |
| Plaintiff, | |
| v. | **Order Screening Complaint, Denying Motions, and Dismissing Complaint with Limited Leave to Amend by January 6, 2025** |
| State of Nevada, et al., | |
| Defendants. | [ECF Nos. 1-2, 6, 7, 8] |

Plaintiff JoAquin Hill brings this civil-rights action under 42 U.S.C. § 1983, claiming that prison officials at Ely State Prison (ESP) violated his rights when they took his property, used excessive force, failed to treat his injuries, failed to accommodate his blindness under the Americans with Disabilities Act (ADA), and discriminated against him because he is African American. Because Hill applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A. Having done so, I dismiss the complaint without prejudice because it fails to comply with the Federal Rules of Civil Procedure (FRCP), and I deny all pending motions. But I also give Hill leave to amend to bring properly joined claims against Defendants Gittere, Drummond, Lt. Rigney, Officer Rigney, Officer Pickens, and Supervisor Snow, and I defer a ruling on his most recent application for leave to proceed *in forma pauperis*[2] until after Hill has a chance to file that amended complaint.

---

[1] ECF Nos. 6, 9.

[2] ECF No. 6.

**I.      Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[3]  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[4]  All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact.  This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[5]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[6]  In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[7]  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[8] but a plaintiff must provide more than mere labels and conclusions.[9]  "While legal conclusions can provide the framework of a

---

[3] *See* 28 U.S.C. § 1915A(a).

[4] *See* 28 U.S.C. § 1915A(b)(1)(2).

[5] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[6] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[7] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[8] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

complaint, they must be supported with factual allegations."[10]  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]

## II.    Screening Hill's complaint

### A.    FRCP 8, 10, 18, 20

What immediately jumps out about Hill's complaint is that his claims arise out of different transactions, occurrences, or series of transactions and involve different defendants. Because the Federal Rules of Civil Procedure (FRCP) do not permit a plaintiff to package unrelated claims in this way, this complaint must be dismissed.  So I dismiss the entire complaint without prejudice and with leave to amend, and I advise Hill of the following requirements under the FRCP to provide him guidance in appropriately packaging and formatting an amended complaint.

A basic lawsuit is a single claim against a single defendant.  FRCP 18(a) allows a plaintiff to add multiple claims to a lawsuit when they are against the same defendant.  FRCP 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit if the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action."  But unrelated claims that involve different defendants must be brought in separate lawsuits.[12]  This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that inmates pay the required

---

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[11] *Id*.

[12] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner").

filing fees for their lawsuits and prevent inmates from circumventing the three strikes rule under the Prison Litigation Reform Act (PLRA).[13]

So Hill's amended complaint must contain "a short and plain statement of the claim showing that [Hill] is entitled to relief."[14]  "Each allegation must be simple, concise, and direct."[15]  A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."[16]  "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count."[17]  The function of the complaint is not to list every single fact relating to the claims.  If Hill wishes to amend his complaint, he must set forth his claims in a simple, concise, and direct manner in order to meet the requirements of FRCP 8.

I advise Hill that each claim that he wishes to plead in his amended complaint must be permitted by either Rule 18 or Rule 20.  Hill may state a single claim against a single defendant. He may then add any additional claims to his action that are against the same defendant under FRCP 18.  Hill may also add any additional claims against other defendants **if those claims arise from the same transaction, occurrence, or series of transactions as his original claim**.[18] Any attempt to join claims that are not permitted by the FRCP will result in those claims being dismissed as improperly joined.

---

[13] 28 U.S.C. § 1915(g).

[14] Fed. R. Civ. P. 8(a)(2).

[15] Fed. R. Civ. P. 8(d)(1).

[16] Fed. R. Civ. P. 10(b).

[17] *Id.*

[18] Fed. R. Civ. P. 20(a)(2).

In the instant case, Hill brings several different claims against several different prison officials that are unrelated and cannot proceed in a single action.  For example, Hill raises claims pertaining to excessive force, medical care for different issues, removal of property, failure to accommodate under the ADA, and racial discrimination.[19]  If Hill elects to amend his complaint, he must choose which related claims he wishes to pursue in this action.  If Hill's amended complaint sets forth unrelated claims which violate joinder rules, the court will dismiss the claims found to be improperly joined.

**B.    When filing an amended complaint, some defendants cannot be included.**

Although the entire complaint is dismissed without prejudice with leave to amend, I want to inform Hill that several of the defendants he listed in the complaint cannot be sued under § 1983.  I therefore dismiss them from this action with prejudice, as amendment would be futile, and Hill should **not** include claims against these defendants in his amended complaint.

*1.    State of Nevada*

Hill names the State of Nevada as a defendant.  States are not persons who can be sued under § 1983, so I dismiss the State of Nevada from this action with prejudice because amendment would be futile.[20]

*2.    NDOC*

I dismiss, with prejudice, all claims against the Nevada Department of Corrections because it is an arm of the State of Nevada and is not a "person" for purposes of § 1983.[21]

---

[19] *See generally* ECF No. 1-1.

[20] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989).

[21] *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).

3.    *ESP*

Hill cannot sue the Ely State Prison.  The statute that allows inmates to bring civil-rights actions like this one—42 U.S.C. § 1983—authorizes suits against a "person" acting under the color of state law only.  As a result, courts routinely hold that jails and prisons are not persons who can be sued under § 1983.[22]  So I dismiss, with prejudice as amendment would be futile, the claims against ESP because it is a building and not a person who can act or be sued.

### III.    Motion for counsel and motions seeking injunctive relief

Hill moves for the appointment of counsel in the last few pages of the complaint.[23]  He's also filed duplicate motions seeking injunctive relief.[24]  Because his entire complaint is being dismissed, leaving no claims currently pending, Hill cannot show that he is likely to succeed on the merits of his case, a key factor when evaluating motions for counsel and motions for injunctive relief.[25]  So I deny the motions without prejudice.

---

[22] *See, e.g.*, *Smith v. Charleston Cty.*, 2019 WL 2870406, at *1 (D.S.C. June 11, 2019) ("Courts have routinely held that inanimate objects such as buildings, facilities, and grounds, such as the Sheriff Al Cannon Detention Center, do not act under color of state law and are not a 'person' subject to suit under § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the [Pembroke County Jail] is not a person amenable to suit."); *see also Allison v. Cal. Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin prison not "persons" subject to suit under § 1983).

[23] ECF No 1-1 at 35–38.

[24] ECF Nos. 7, 8.

[25] *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("When determining whether 'exceptional circumstances' exist [for motions seeking counsel], a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."); *see also  Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

**IV.    Leave to amend**

Hill fails to state any colorable claims in the complaint, so I will grant him leave to amend his claims against Defendants Gittere, Drummond, Lt. Rigney, Officer Rigney, Officer Pickens, and Supervisor Snow. If Hill chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint, so the amended complaint must be complete in itself.[26] He must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint." Hill must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each count, he should allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights. **He must file the amended complaint by January 6, 2025.**

**Conclusion**

IT IS THEREFORE ORDERED that a decision on the application to proceed *in forma pauperis* (ECF No. 9) is deferred. The original application to proceed *in forma pauperis* **(ECF No. 6) is DENIED** without prejudice as moot.

IT IS FURTHER ORDERED that Hill's motion seeking to exceed the page limit **(ECF No. 1-2) is DENIED** without prejudice.

IT IS FURTHER ORDERED that Hill's motion seeking the appointment of counsel **(ECF No. 1-1 at 35–38) is DENIED** without prejudice.

---

[26] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

IT IS FURTHER ORDERED that Hill's motions seeking injunctive relief **(ECF Nos. 7, 8) are DENIED**.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to:**

- **FILE** the complaint (ECF No. 1-1); and

- **SEND** Hill the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that:

- The complaint (ECF No. 1-1) is DISMISSED in its entirety without prejudice with leave to amend by **January 6, 2025**;

- The claims against Defendants Gittere, Drummond, Lt. Rigney, Officer Rigney, Officer Pickens, and Supervisor Snow are DISMISSED from the complaint without prejudice with leave to amend; and

- The claims against Defendants State of Nevada, ESP, and NDOC are DISMISSED with prejudice as amendment would be futile.

If Hill chooses to file an amended complaint, he must use the approved form and must write the words "First Amended" above the words "Civil Rights Complaint" in the caption. The amended complaint will be screened in a separate screening order. **If Hill does not file an amended complaint by January 6, 2025, this action will be dismissed without prejudice for failure to state a claim and closed without further prior notice.**

Dated: December 5, 2024

_____

U.S. District Judge