**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JoAquin Hill, | Case No.: 2:24-cv-00923-JAD-DJA |
| Plaintiff | |
| v. | **Order Denying Motion to Stay & Granting Motion to Seal** |
| State of Nevada, et al., | [ECF Nos. 30, 35] |
| Defendants | |

Plaintiff JoAquin Hill brings this civil-rights action under 42 U.S.C. § 1983, claiming that prison officials at Ely State Prison (ESP) violated his rights when they used excessive force, sexually assaulted him, failed to treat his injuries, and discriminated against him because he is African American. In August, the magistrate judge granted Hill's request for appointment of counsel and referred this case to the court's pro bono program to seek an attorney to represent him without charge.[1] A month ago, the defendants filed a motion for summary judgment, and Hill asks this court to stay this case until counsel is found or he receives corrective retina surgery. Hill explains that he lost his sight due to the events alleged in this case and that he is on a 23-hour/day lockdown, and the limited assistance he does get comes through the food slot in his door.[2]

Although this court is sympathetic to Hill's circumstances and pro bono counsel is being sought to assist him, there is no guarantee that the program will find a free attorney who is willing to take this case. Thus, the parties and this court must move forward with this case while

---

[1] ECF No. 26.

[2] ECF No. 35 at 2.

counsel continues to be sought.  Staying this case while counsel is sought will create a lengthy delay and may not ultimately be fruitful.

Nevertheless, the court understands that Hill has greater challenges in pursuing this litigation than typical prisoner-litigants.  For that reason, this court finds that a generous extension of Hill's deadline to respond to the defendants' motion for summary judgment is the fair and appropriate way to move forward under these circumstances.

IT IS THEREFORE ORDERED that the motion to stay **[ECF No. 35] is DENIED. However, Hill's deadline to file a response to the motion for summary judgment [ECF No. 29] is EXTENDED to May 6, 2026.  Hill must file his response to the motion for summary judgment [ECF No. 29] by May 6, 2026, whether or not pro bono counsel is found for him.**

**Hill is also advised that he must complete the necessary paperwork from the Legal Aid office before counsel can be found and appointed for him.  The court has been advised that Legal Aid has sent that paperwork to Hill twice, but it has not been returned.  This step must be completed in order for Hill to participate in the Pro Bono Program.**

In conjunction with their motion for summary judgment, the defendants move for leave to file under seal the plaintiff's medical records presented as Exhibit J to their motion for summary judgment, along with a video taken during his medical treatment, which is Exhibit D.  Unless a particular court record is one "traditionally kept secret," there is a "strong presumption in favor of access" to the record.[3]  Parties seeking to seal a judicial record must overcome this presumption by "articulat[ing] compelling reasons supported by specific factual findings" that outweigh the traditional right of public access to each document they seek to seal.[4]  Because the

---

[3] *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

[4] *Id*.

records that the defendants seek to seal are personal medical records, I find that compelling reasons exist to seal them.  IT IS THEREFORE ORDERED that **the motion to seal [ECF No. 30] is GRANTED; the Clerk of Court is directed to MAINTAIN THE SEAL on ECF No. 31.**

_____
U.S. District Judge Jennifer A. Dorsey
February 26, 2026

3