**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JoAquin Hill,

Plaintiff

v.

State of Nevada, et al.,

Defendant

Case No.: 2:24-cv-00923-JAD-DJA

**Order Granting Plaintiff JoAquin Hill's Motion to Withdraw Admissions and Denying Remaining Motions**

[ECF Nos. 29, 39, 47, 48, 50]

JoAquin Hill, an inmate at Northern Nevada Correctional Center, brings this civil-rights action under 42 U.S.C. § 1983, alleging that prison officials at Ely State Prison used excessive force against him, sexually assaulted him, failed to treat his injuries, and discriminated against him because he is African American. The defendants move for summary judgment on all four claims, relying in part on requests for admissions that were deemed admitted when Hill failed to timely respond to them.[1] They also contend that Hill failed to exhaust his administrative remedies for some claims. Hill opposes summary judgment and moves to withdraw the deemed admissions, explaining that the inmate law clerk assisting him did not learn of the requests until one week before his opposition was due.[2] Hill later filed an untimely motion for partial summary judgment,[3] prompting the defendants to move to strike it[4] and Hill to seek a belated extension of the dispositive-motion deadline.[5]

[1] ECF No. 29.

[2] ECF Nos. 39, 40.

[3] ECF No. 47.

[4] ECF No. 48.

[5] ECF No. 50.

The impact of the admissions affects the fair resolution of all of these motions. Although the defendants' exhaustion defense may ultimately knock out Hill's medical-care and equal-protection claims, the deemed admissions establish facts central to the excessive-force analysis and require Hill to concede that the alleged sexual assault never occurred. The camera footage does not independently resolve those factual disputes because the view into Hill's cell and portions of the infirmary interaction is obscured. I therefore find that withdrawal of the admissions will promote resolution of this case on its merits and that any resulting prejudice can be cured by limited additional discovery. And rather than decide some claims on the existing record while requiring new discovery and a second round of dispositive briefing on others, judicial efficiency favors one complete record and one dispositive-motion cycle. So I grant Hill's motion to withdraw the admissions, reopen discovery for the limited purpose of addressing matters affected by that withdrawal, deny both summary-judgment motions without prejudice, deny the defendants' motion to strike and Hill's extension motion as moot, and set a new dispositive-motion deadline.

## Background[6]

### A. Hill alleges that he was assaulted during a cell extraction and that prison personnel ignored his pleas for medical care for his resulting injuries.

On September 26, 2022, Hill had gone three days without his seizure medication.[7] He told prison officials that he was suicidal because he believed that doing so would prompt them to

[6] This account comes from Hill's verified complaint. I recount these facts only to provide context for the procedural disputes; I do not treat them as undisputed or resolve conflicts in the evidentiary record.

[7] ECF No. 13 at 6.

take him to the infirmary, where he could receive his medication and other care.[8] Officers instead assembled a team to extract him from his cell.[9] Hill states that he did not resist or threaten the officers when they entered,[10] but Curtis Rigney Jr. gouged his eyes and inserted a gloved finger into his rectum.[11] The encounter left him with a broken nose, a broken thumb, and the eventual loss of his vision.[12]

Hill also recounts that Rigney Jr. and Madeline Pickens directed racial slurs at him before and during the extraction and threatened to punish him for talking back to them.[13] He states that he later reported the assault to Curtis Rigney Sr. and Patricia Hernandez but received no help, and that prison officials failed to secure treatment for his injuries despite his repeated requests and grievances.[14] Hill further maintains that James Dzurenda, Brian Williams, William Gittere, David C. Drummond, Tasheena Cooke, and Patricia Hernandez learned through his grievances that he had suffered serious injuries and was not receiving adequate medical care but failed to intervene.[15] He also avers that Nurse Snow told him that the Ely State Prison had no doctor available, and he faults Nurse Snow and Kenneth L. Williams for failing to obtain the treatment

---

[8] *Id.*

[9] *Id.*

[10] *Id.* at 7.

[11] *Id.* at 7, 10. In his verified complaint, Hill states that Rigney Jr. penetrated his rectum during the cell extraction while Madeline Pickens restrained him. In his later declaration, Hill places that act after officers had secured him in a restraint chair and sent him to the infirmary. ECF No. 41 at 2. The two sworn accounts thus differ about the precise timing and location of the alleged assault, though both identify Rigney Jr. as the officer who committed it.

[12] *Id.* at 4, 7, 10–11, 16–17.

[13] *Id.* at 7, 13–15.

[14] *Id.* at 10.

[15] *Id.* at 23–29.

that his injuries required.[16] Hill attributes both the extraction and the denial of medical care to racial discrimination because officials treated injured White and Hispanic prisoners more favorably than African Americans.[17]

I screened Hill's complaint under 28 U.S.C. § 1915A and permitted four claims to proceed.[18] His Eighth Amendment excessive-force and sexual-assault claims proceeded against Rigney Jr. and Pickens. His deliberate-indifference claim proceeded against James Dzurenda, Brian Williams, William Gittere, David Drummond, Tasheena Cooke, Hernandez, Snow, and Dr. Kenneth Williams. And his Fourteenth Amendment equal-protection claim proceeded against all eleven defendants. The magistrate judge entered a scheduling order with December 24, 2025, as the discovery cutoff date and January 23, 2026, as the dispositive-motion deadline.

**B. Hill did not respond to requests for admissions.**

The defendants served Hill with requests for admission during discovery, but he did not timely respond, so the requested matters were deemed admitted by operation of Federal Rule of Civil Procedure (FRCP) 36(a)(3). Those admissions include that Hill rushed the extraction team, resisted restraints, made force necessary, was not sexually assaulted, did not suffer an eye injury from the extraction, and was not treated differently because of his race.[19] They serve as foundational evidence for the defendants' timely motion for summary judgment.[20] After the defendants filed their motion, Hill moved to stay the case, representing that he is blind and can not litigate without assistance. I denied the stay but extended Hill's summary-judgment response

---

[16] *Id.* at 20.

[17] *Id.* at 13–15.

[18] ECF No. 15.

[19] ECF Nos. 29-5, 29-6.

[20] *See, e.g.,* ECF No. 29 at 3–4.

deadline to May 6, 2026. On that deadline, Hill filed his opposition and moved to withdraw the admissions, explaining that the inmate law clerk assisting him did not discover the unanswered requests until a week before the opposition was due. The defendants oppose withdrawal, arguing that the admissions comport with the other evidence, that they relied on them through discovery and summary-judgment briefing, and that Hill waited too long to seek relief. On June 11, 2026—139 days after the dispositive-motion deadline ran—Hill filed his own motion for partial summary judgment. The defendants move to strike it as untimely, and Hill belatedly asks to retroactively extend the dispositive-motion deadline to allow it to be considered.

## Discussion

### A. Hill's motion to withdraw his admissions is granted.

FRCP 36(a) states that a request for admissions is deemed admitted "unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney."[21] Once admitted, the matter "is conclusively established unless the court on motion permits withdrawal or amendment of the admission."[22] The rule permits the district court to exercise its discretion to grant relief from an admission made under Rule 36(a) only when (1) "the presentation of the merits of the action will be subserved," and (2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits."[23]

[21] Fed. R. Civ. P. 36(a).

[22] Fed. R. Civ. P 36(b).

[23] *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007).

***1. Withdrawal will allow the case to be decided on its merits.***

"The first half of the test in Rule 36(b) is satisfied [if] upholding the admissions would practically eliminate any presentation of the merits of the case."[24] The defendants contend that upholding the admissions would not practically eliminate presentation of the merits because the video, medical records, grievance history, declarations, exhaustion evidence, and personal-participation evidence independently resolve the claims; withdrawal would merely prolong litigation and remove unfavorable evidence.[25] But that argument treats the admissions as merely cumulative when they conclusively establish disputed facts that are central to each claim.

The admissions largely dictate the excessive-force analysis. They concede that Hill refused to comply with officers' directions, rushed the extraction team, resisted restraint, and made the use of force necessary.[26] But while the video captures portions of the extraction and the events that followed, it does not provide an unobstructed view of all conduct. An officer's body blocks the camera's view into the cell during material parts of the extraction, so the video does not show what Hill did, how the officers applied force, or whether force continued after he was controlled—which are central to deciding whether Rigney Jr. and Pickens acted in good faith to restore discipline or did so to maliciously and sadistically cause harm.[27] Hill cannot meaningfully present a contrary version of those events while the admissions remain.

---

[24] *Id.* at 622 (quoting *Hadley v. United States,* 45 F.3d 1345, 1348 (9th Cir. 1995)).

[25] ECF No. 45 at 4–5.

[26] ECF No. 29-5.

[27] *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)).

The admissions also eliminate the principal factual basis of Hill's sexual-assault claim because they establish that Rigney Jr. did not insert a finger into Hill's rectum. The defendants characterize that admission as cumulative of the video, but the recording does not conclusively foreclose the alleged penetration. An officer's body blocks the camera's view into the cell, and officers obscure the view of Hill during parts of the later infirmary interaction. The video therefore does not depict every movement or contact that bears on this claim. Maintaining the admissions would thus substantially dictate the excessive-force analysis and eliminate the principal factual basis for the sexual-assault claim. So the first Rule 36(b) factor favors withdrawal.

***2. The defendants have not shown prejudice from the withdrawal.***

The party relying on the deemed admission has the burden of proving prejudice.[28] "The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted."[29] The defendants rely on *Conlon v. United States*,[30] characterizing it as materially similar because they relied on the admissions when deciding what discovery to conduct, allowed discovery to close without developing evidence on the admitted matters, and prepared their summary-

[28] *Conlon*, 474 F.3d. at 622.

[29] *Id.* (quoting *Hadley*, 45 F.3d at 1348) (internal quotations omitted).

[30] *Conlon*, 474 F.3d 616.

judgment motion on that basis.[31] Withdrawal would therefore create a sudden need to reopen discovery, possibly depose Hill, obtain additional evidence, and rebrief summary judgment.

In *Conlon*, the government relied on deemed admissions for two and a half months, through both the discovery and dispositive-motion deadlines, and conducted none of the discovery that it otherwise needed to prove its case at trial.[32] When the district court denied withdrawal, trial was just eight days away.[33] The Ninth Circuit called prejudice a "close question."[34] It held that reliance on admissions in preparing a summary-judgment motion does not itself establish prejudice and expressed reluctance to treat a lack of discovery, without more, as enough because the district court could reopen discovery.[35] But given the length of the government's reliance, the passage of both case-management deadlines, and the imminence of trial, the panel concluded that the district court did not clearly err in finding prejudice.[36]

Unlike the government in *Conlon*, the defendants here do not develop the duration of their reliance as a separate prejudice theory. Still, because *Conlon* treated the duration and procedural posture of the reliance as relevant, I consider the chronology. The defendants here served these requests on October 28, 2025, so the matters became admitted in late November.[37] Discovery closed on December 24, 2025, and dispositive motions were due on January 23,

---

[31] ECF No. 45 at 3, 5–6 (relying on *Conlon* and asserting that withdrawal after the close of discovery and summary-judgment briefing would cause prejudice).

[32] *Conlon*, 474 F.3d at 624 (comparing the delay with a case in which the court found no prejudice because reliance was only for six days and another case in which the delay was two weeks).

[33] *Id.*

[34] *Id.*

[35] *Id.* at 622–24.

[36] *Id.* at 624.

[37] *See* ECF No. 29-5 at 5.

2026.[38] Hill did not seek withdrawal until May 6, 2026. The defendants therefore relied on the admissions for roughly two months through both deadlines—a period at least comparable to the two and a half months that *Conlon* regarded as significant.[39]

But the *Conlon* panel also emphasized that trial was only eight days away, the government had conducted none of the discovery that it otherwise needed to prove its case because it relied on the admissions for trial, and there was no assurance that discovery could be completed without postponing trial.[40] No trial date has been set here, and the defendants do not argue that *Conlon*'s reasoning about the length of reliance should extend to a case in which no trial is approaching. So I do not decide whether several months of reliance, without an approaching trial or some concrete impairment in obtaining evidence, could independently satisfy Rule 36(b)'s prejudice requirement.

The prejudice that the defendants do identify is insufficient. They contend that they "structured their discovery" around the admissions, but they do not identify what discovery they abandoned, whether evidence has since become unavailable, or any witness whom they can no longer locate or examine.[41] Their only concrete example is that they may need permission to depose Hill, but the need to take Hill's deposition is additional work that can be addressed by reopening discovery for that limited purpose.[42] The defendants do not explain why doing so

---

[38] ECF No. 28.

[39] *Id.* at 624 (comparing the delay with a case in which the court found no prejudice because reliance was only for six days and another case in which the delay was two weeks).

[40] *Id.*

[41] ECF No. 45 at 5.

[42] The defendants' positions also sit uneasily together. To defeat Rule 36(b)'s first factor, they insist that the video, medical records, grievance history, and declarations independently establish the matters covered by the admissions. But to establish prejudice, they contend that their reliance on those same admissions caused them not to develop the evidence necessary to defend the case. Those arguments are not necessarily irreconcilable, but the defendants do not explain

would impair their ability to defend this case.[43] Because withdrawal will promote presentation of the case merits, the defendants have not shown prejudice, and the law clerk's affidavit supports Hill's explanation for his delay by attesting that he did not learn of the unanswered requests until one week before the opposition deadline,[44] I permit withdrawal of Hill's admissions.

**B. All other motions are denied without prejudice.**

In opposing withdrawal, the defendants point to exhaustion and personal-participation issues as reasons that upholding the admissions wouldn't eliminate any presentation of the merits of the case for Hill's deliberate-indifference and equal-protection claims.[45] To the extent that the defendants' argument can be understood as inviting piecemeal adjudication, I decline that invitation. Withdrawal materially changes the record on which the defendants' motion was prepared and briefed, and the defendants themselves contend that additional discovery may be necessary if the admissions are withdrawn. Resolving exhaustion and personal participation now while reopening discovery and requiring renewed briefing on the excessive-force and sexual-assault claims would leave the parties and the court working from two records—one developed while the admissions were conclusively established and another developed after their

---

the disparity. They identify no material fact that the existing record cannot prove, no witness who has become unavailable, and no evidence that can no longer be obtained. If their existing evidence independently establishes the admitted matters, withdrawal should not materially impair their ability to defend the case. And if additional discovery is necessary, they have not identified what is missing and why reopening discovery cannot cure the problem.

[43] *See, e.g., Kirk v. Richards*, 2011 WL 4374999, at *3 (E.D. Cal. Sept. 19, 2011) (finding no prejudice although the defendant argued that it would be unable to obtain interrogatory responses or to depose the plaintiff as discovery was long since closed), report and recommendation adopted, 2011 WL 4591075 (E.D. Cal. Sept. 30, 2011).

[44] ECF No. 38 at 5 (Brett Jones's affidavit).

[45] ECF No. 45 at 4–5.

withdrawal. That fragmented course would also invite multiple rounds of dispositive briefing and rulings.

FRCP 1 directs courts to administer the rules to secure the just, speedy, and inexpensive determination of every action.[46] Those goals are better served by allowing limited discovery on the matters affected by withdrawal and setting one new deadline for dispositive motions. The defendants may renew their exhaustion, personal-participation, qualified-immunity, and merits arguments on that complete record. I therefore deny their summary-judgment motion without prejudice.

Hill's partial-summary-judgment motion requires a different procedural analysis but leads to the same practical result. He filed that motion 139 days after the dispositive-motion deadline and did not seek an extension until after the defendants moved to strike it. Because his request came after the deadline expired, he ordinarily would have to establish excusable neglect under FRCP 6(b)(1)(B). Hill's claimed blindness and limited access to inmate-law-clerk assistance may bear on that inquiry, but I need not decide whether those circumstances excuse his late filing. Because I find that reopening discovery would alleviate any prejudice to the defendants, and therefore the existing dispositive-motion schedule is moot, Rule 1 favors establishing a new deadline that permits both sides to seek summary judgment on the same completed record, rather than preserving one party's motion while requiring the other to litigate under a superseded schedule. So I deny as moot Hill's partial motion for summary judgment, the defendants' motion to strike, and Hill's motion to extend the expired deadline. After the extended discovery period closes, either side may file a new or renewed dispositive motion by November 10, 2026.

[46] Fed. R. Civ. P. 1.

**Conclusion**

IT IS THEREFORE ORDERED that Hill's motion to withdraw his admissions **[ECF No. 39] is GRANTED.** The remaining motions **[ECF Nos. 29, 47, 48, 50] are DENIED as moot and without prejudice.**

IT IS FURTHER ORDERED that **discovery is REOPENED.** The new discovery cut-off date is October 17, 2026. The new summary-judgment deadline is November 17, 2026. So any summary-judgment motion must be filed between October 17th and November 17, 2026.

The obligation to file a joint pretrial order will be tolled until after summary-judgment motions are decided.

U.S. District Judge Jennifer A. Dorsey
August 13, 2026